﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190717-15782
DATE: July 31, 2020

ORDER

A rating higher than 50 percent for major depressive disorder (MDD) is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDINGS OF FACT

1. The Veteran’s MDD manifests with symptoms of anxiety, chronic sleep impairment, disturbances of motivation and mood, irritability and difficulty in establishing and maintaining effective work and social relationships. 

2. Since June 12, 2017, the Veteran has been unable to secure and follow a substantially gainful occupation due to her service-connected MDD, knee and back disabilities and lower extremity radiculopathy. 

CONCLUSIONS OF LAW

1. The criteria for a rating higher than 50 percent for MDD are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.130, Diagnostic Code (DC) 9434.

2. The criteria for TDIU are met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably from November 1987 to September 1990. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs’ (VA) decision on their claim to seek review. Because the Veteran opted-in to the Rapid Appeals Modernization Program in June 2018, this decision has been written consistent with the new AMA framework. On July 24, 2019, the Veteran filed a notice of disagreement (NOD) with the January 2019 decision of the RO which continued the rating for the Veteran’s MDD at 50 percent and again denied the Veteran’s claim for TDIU. Because in her NOD the Veteran selected the evidence submission lane of appeal, in deciding the appeal the Board has considered all evidence which was of record within 90 days of the date the NOD was received. 

A rating higher than 50 percent for MDD 

The Veteran’s MDD is currently rated at 50 percent under DC 9434 which is part of the General Rating Formula for Mental Disorders. Under this formula, the Board must conduct a "holistic analysis" that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013).

The next rating higher than 50 percent rating is 70 percent and is to be assigned when the veteran manifests symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. 38 C.F.R. § 4.130, DC 9434.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment. Id. 

On June 12, 2017, VA received the Veteran’s claim for an increased rating for her MDD. Since filing her claim, the Veteran was afforded a VA examination in September 2017. The psychiatrist noted that the Veteran was well groomed and casually dressed. She was oriented to person, place and time. She had good eye contact. Her speech was normal and her thought processes logical and goal directed. Her insight, judgment and reasoning appeared intact. Her mood was depressed and her affect tearful at times. The psychiatrist noted the Veteran exhibited symptoms of depressed mood, anxiety, chronic sleep impairment and disturbances of motivation and mood. Based on the results of that examination, the disability rating for the Veteran’s MDD was raised from 30 percent to 50 percent. 

In July 2019, the Veteran was evaluated by Dr. L, a private practitioner who holds a doctorate degree in clinical psychology. Dr. L concluded that the Veteran has been totally occupationally and socially impaired since June 2017. 

The Board attributes little weight to the opinions of Dr. L. The Board will first note that Dr. L’s opinion that the Veteran has been totally occupationally and socially impaired since June 2016 contrasts greatly with the assessments of the VA examiner and VA treatment providers who report a lesser degree of impairment. The Veteran’s treatment plan from March 2017 states that the treatment team believes the Veteran is no longer in need of this level of care as she appropriately uses community resources and is committed to maintaining treatment goals. The Veteran’s diagnosis that day was depression and mild generalized anxiety disorder (GAD). The plan was that she would continue to see the psychiatrist twice a year for three years for medication management, attend groups and see her psychologist once a month for the next six months. When the Veteran was last seen in person by her VA psychiatrist on January 5, 2018, her treatment plan remained unchanged and she was diagnosed with MDD, recurrent and mild, and generalized anxiety disorder, mild/moderate. 

In addition, Dr. L’s report contains opinions which are inadequately supported and/or contradicted by other evidence in the record. While most mental health evaluations include the examiner’s notes concerning the client’s speech, judgment and orientation, Dr. L made no such notes. Instead, he concluded based on the Veteran’s report that on one occasion she had become lost in a familiar area, that she was “disoriented as to time or place.” He also stated that the Veteran evidences severe impairment in her ability to communicate and use judgment. The Board finds these opinions contradicted by the mental status examinations of record which report that the Veteran was oriented times four and exhibited normal speech and judgment. The Board notes that Dr. L opined that the Veteran manifested, not just irritability, but impaired impulse although the record contains no reports of incidents of violence. Finally, Dr. L opined that the Veteran manifested the intermittent inability to performs activities of daily living. However, in support of his opinion he refers to activities such as laundry and vacuuming which are not activities of daily living and which the Veteran said she does not do because of chronic pain. 

The Board attributes little weight to the opinions of Dr. L because his report contains opinions that are contradicted by other evidence of record. Dr. L opined that the Veteran is unable to establish and maintain effective relationships and cannot tolerate being around others in any setting for more than a few minutes. However, the Veteran has reported having a best friend and a good relationship with her husband and children. Also, a March 5, 2018 note from the VAMC states that the Veteran reported she and her husband had purchased a vehicle and camper trailer to travel around the country for at least a year visiting family and friends. 

Finally, the Board also finds that the Veteran has made statements which lack credibility and exaggerate her depression. She apparently told Dr. L that she doesn’t brush her teeth every day. She wrote in her July 25, 2019 statement that most of the time she wants to be alone. She wrote that she has to force herself to take a shower and some days she just doesn’t care enough to bother to eat. The Board finds that the statements lack credibility because (1) no such statements appear in treatment records; (2) the statements evidence a degrees of impairment which conflicts with her treatment provider’s assessment that her MDD in January 2018 was mild; and (3) the statements report a degree of depression which is inconsistent with spending at least a year traveling the country with her husband in a camper trailer and visiting friends and family. 

Relying on the September 2017 examination by the VA psychiatrist who noted no symptoms most closely associated with a rating of 70 percent or symptoms of comparable severity, the Board finds that the Veteran’s MDD warrants a rating of 50 percent but no higher. The Veteran’s claim for a rating higher than 50 percent is denied. 

TDIU 

On June 12, 2017, VA received the Veteran’s claim for TDIU due to her service- connected depression, knees, back and radiculopathy. It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. See 38 C.F.R. § 4.16. TDIU may be assigned where the schedular rating is less than total and it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of either (1) a single service-connected disability ratable at 60 percent or more or (2) two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

In this case, the rating criteria for schedular TDIU are met as of the date of the Veteran’s claim. Effective June 12, 2017, the Veteran is service-connected for depression at 50 percent. She is also service-connected for lumbar degenerative disc disease, right and left lower extremity radiculopathy, right knee chondromalacia and left knee degenerative joint disease. Her total combined disability rating is 80 percent. 

In June 2018, the Veteran submitted a vocational assessment prepared by J.C. In January 2019, the RO made a favorable finding in reference to the Veteran’s claim for TDIU. The RO found that the vocational assessment of J.C. includes an opinion that, since June 2017, the Veteran’s service-connected disabilities have resulted in the Veteran being totally unable to maintain substantially gainful competitive employment. Because the Board finds that the record does not contain evidence sufficient to show that the favorable finding is clearly and unmistakably erroneous, the Veteran’s claim for TDIU is granted. 

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Pamela F. Mucklow

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.